**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

VI MEDRX, LLC,

        Plaintiff,

vs.                                                            Case No. 3:11-cv-1034-J-37TEM

HURLEY CONSULTING ASSOCIATES,
LTD.,

        Defendant.

**ORDER**

This case is before the Court on the following:

    1)     Defendant's Motion to Dismiss for Lack of Personal Jurisdiction, or in the Alternative, Improper Venue and Motion to Compel Arbitration and Stay Litigation (Doc. No. 4), filed on October 27, 2011; and

    2)     Plaintiff VIMedRx, LLC's ("Plaintiff's") Response in Opposition to Defendant's Motion to Dismiss for Lack of Personal Jurisdiction, or in the Alternative, Improper Venue and Motion to Compel Arbitration and Stay Litigation (Doc. No. 8), filed on November 14, 2011.

**BACKGROUND**

This dispute arises from a contract for professional services. (Doc. No. 2, ¶¶ 6-17.) Plaintiff is a Florida based company that was formed to design, develop and commercialize sterile talc. (*Id.* at ¶ 6.) Plaintiff considered retaining Hurley Consulting Associates, Ltd. ("Defendant"), a consulting company that serves the health sciences industry, to assist it with a "New Drug Application" ("NDA"). (*Id.* at ¶¶ 7-8.) The parties entered into negotiations, in which they set forth the prospective scope of services, project description,

payment terms, and other terms and conditions of their proposed relationship under a Consulting Agreement and Amendment to the Consulting Agreement (collectively, the "Proposed Agreement"). (*Id.* at ¶ 8; *id.* at pp. 6-29.) The Proposed Agreement required Plaintiff to pay Defendant a retainer in the amount of $150,000 upon execution. (*Id.*)

On September 7, 2011, a representative of Plaintiff e-mailed a copy of the executed Proposed Agreement to Defendant. (*Id.* at ¶¶ 10, 11.) On September 8, 2011, Gary Willetts, Vice President of Plaintiff, contacted Dr. Margaret E. Hurley, President and Chief Executive Office of Defendant, and advised her that Defendant should not perform any work or serves contemplated under the Proposed Agreement or related to the NDA. (*Id.* at ¶ 12.) Soon thereafter, Defendant delivered a status report and invoice in the amount of $23,831.50 to Plaintiff for work it allegedly performed under the Proposed Agreement. (*Id.* at ¶¶ 15-16.) Defendant also demanded that Plaintiff pay the $150,000 retainer. (*Id.* at ¶ 17.)

Plaintiff thereafter initiated this lawsuit in the Circuit Court of the Fourth Judicial Circuit in and for St. Johns County, Florida, for a declaration of the parties' duties and obligations under the Proposed Agreement. (Doc. No. 1.) Defendant removed the action to this Court on October 20, 2011. (*See id.*) Plaintiff moved to remand the action to state court, (Doc. No. 9), which this Court denied on December 12, 2011. (Doc. No. 15.) Defendant filed its Motion to Dismiss on October 27, 2011. (Doc. No. 4.)

**PARTIES' ARGUMENTS**

In its Motion to Dismiss (Doc. No. 4) Defendant moves this Court to dismiss the Complaint (Doc. No. 2) for lack of personal jurisdiction, or in the alternative, improper venue. First, Defendant contends that Plaintiff's claims must be dismissed because

Defendant lacks the required contacts with Florida for this Court to properly exercise personal jurisdiction over it. (Doc. No. 4, p. 4.) Alternatively, it argues that the Court should dismiss this action pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(3) for improper venue due to a valid arbitration clause, which designates New York, New York as the appropriate forum for "all claims or controversies" that arise from the parties' commercial contract.

Plaintiff filed its Response in Opposition to Defendant's Motion to Dismiss ("Response") (Doc. No. 8) on November 14, 2011. First, Plaintiff maintains that Defendant "consented to this Court's jurisdiction and venue when it sought affirmative relief and moved the Court to compel arbitration of this dispute in New York." (Doc. No. 8, p. 4.) Next, it asserts that this Court does not have subject matter jurisdiction over this dispute.[1] (*Id.* at pp. 4-6.) Plaintiff submits, however, that if this Court determined it has subject matter jurisdiction over the dispute, it should adhere to Section Four of the Federal Arbitration Act ("FAA"), which would require the arbitration to take place in the Middle District of Florida. (*Id.* at p. 9 (citing Section 4 of the FAA).)[2]

## DISCUSSION

Arbitration provisions are "a species" of forum selection clauses. *Stolt-Nielsen S.A., et al. v. AnimalFeeds Intel Corp.*, 130 S.Ct. 1758, 1783 (2010); *See Maxwell v. N.I. (Bahamas), Ltd.* No. 11-12257, 2011 WL 4928737, at *1 n.1 (11th Cir. Oct. 18, 2011)

---

[1] The Court addressed this issue and found that subject matter jurisdiction exists over this action. (*See* Doc. No. 15.)

[2] Section 4 of the Federal Arbitration Act provides "the hearing and proceedings . . . shall be within the district in which the petition for an order directing such arbitration is filed."

("[A]rbitration agreements are a type of forum selection clause . . . ."); *Cunningham v. Fleetwood Homes of Ga.*, 253 F.3d 611, 617 (11th Cir. 2001) ("Agreements to arbitrate are essentially forum-selection clauses . . . ."). Accordingly, in the Eleventh Circuit, a motion pursuant to Rule 12(b)(3) is the proper vehicle to request dismissal of a complaint on the basis of a forum selection clause. *Slater v. Energy Servs. Group Intel, Inc.*, 634 F.3d 1326, 1333 (11th Cir. 2011)("[W]e conclude that 28 U.S.C. § 1404(a) is the proper avenue of relief where a party seeks the transfer of a case to enforce a forum selection-clause, while Rule 12(b)(3) is the proper avenue for a party's request for dismissal based on a forum selection clause.")[3]

Two clauses in the Proposed Agreement are relevant to this Court's analysis under Rule 12(b)(3).[4] First, the "Arbitration Clause," which states:

> 12. **ARBITRATION. All claims or controversies under this Agreement, shall be determined by two arbitrators appointed and acting in New York, New York** in accordance with the rules of the American Arbitration Association. Judgment may be entered on the arbitrators' decision in any court having jurisdiction. Each party to the arbitration

---

[3] The Court notes that the Complaint (Doc. No. 2), which was originally filed in state court, alleges, "Venue is proper in this Court pursuant to, among other things, Section 47.011, Florida Statutes." (Doc. No. 2, ¶ 3.) Although Florida Statutes Section 47.011 does not govern here, it is unclear how the provision would have been applicable at the state court level, given its express language that "[t]his section shall not apply to actions against nonresidents." It is undisputed that "Defendant Hurley Consulting is a New Jersey corporation with its principal place of business located at One Main Street, Chatham, New Jersey 07928." (*Id.* at ¶ 2.) Plaintiff does not offer any support to establish a *prima facie* showing of venue in its Response. (*See* Doc. No. 8.)

[4] When considering a motion to dismiss, the Court accepts all facts set forth in the Complaint as true and limits its consideration to the pleadings and exhibits attached thereto. *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (quotation omitted). Because Plaintiff attached the Proposed Agreement ("Exhibit A"), as well as e-mail correspondence relevant to the issue of venue ("Exhibit B"), the Court reviewed and relied on the information presented therein for the purposes of deciding Defendant's Motion to Dismiss.

>   shall bear his or its legal and other fees and expenses relating to such arbitration, except that, unless otherwise directed by the arbitrators, fees and expenses of the arbitrators and of the American Arbitration Association shall be borne 50% by the Company[5] and 50% by Hurley Consulting. In any arbitration hereunder, the parties shall be entitled to pre-hearing discovery under such conditions as are prescribed by the arbitrators.

And second, the "Governing Law and Forum Clause," which instructs:

>   14.   **GOVERNING LAW AND FORUM.** This Agreement and the performance hereof shall be governed, interpreted, construed and regulated by the laws of the State of Delaware. **Further, in the event that any dispute arises between the parties to this Agreement, such dispute shall be settled by arbitration as provided in Section 12** and judgment may be entered on the arbitrator's decision in any court of competent jurisdiction.

(Doc. No. 2, p. 11, ¶¶ 12, 14.)  Reviewing these provisions side by side, it is clear that the parties agreed to arbitrate "any dispute that arises" between them in New York, New York. (*See id.*)

Determinatively, the forum selection clause dictates that any dispute **shall** be settled by arbitration as provided in Section 12. (Doc. No. 2, ¶ 14 (emphasis added).) Section 12 states that "[a]ll claims or controversies under this Agreement **shall** be determined by two arbitrators appointed and acting in New York, New York." (*Id.* at ¶ 12 (emphasis added).) The Eleventh Circuit has recognized the use of the term "shall" is one of "requirement." *Slater*, 634 F.3d at 1330 (citing *Global Satellite Commc'n Co. v. Starmill U.K. Ltd.*, 378 F.3d 1269, 1271 (11th Cir. 2004) ("The contract provision . . . because it uses the imperative 'shall,' is most reasonably interpreted to mandate venue . . . .")).  As such, the forum selection clause in the Proposed Agreement is "mandatory," and "presumptively valid and

---

[5]  Plaintiff is referred to as "the Company" throughout the Proposed Agreement, in accordance with the short form set out on the first page. (*See* Doc. No. 2, p. 7.)

enforceable" absent a "strong showing that enforcement would be unfair or unreasonable under the circumstances." *Id.* (quoting *Krenkel v. Kerzner Int'l Hotels Ltd.*, 579 F.3d 1279, 1281 (11th Cir. 2009) (internal quotation marks and citation omitted)).[6]

A forum-selection clause will be invalidated when: (1) its formation was induced by fraud or overreaching; (2) it would deprive a plaintiff of their day in court because of inconvenience or unfairness; (3) the chosen law would deprive the plaintiff of a remedy; or (4) enforcement of the clause would contravene public policy. *Krenkel*, 579 F.3d at 1281. Plaintiff does not raise any of these factors in its Response, and the Court does not find that any are relevant to the facts of this case.[7]

Furthermore, Plaintiff does not raise any objections to the validity of the Arbitration Clause. Plaintiff concedes that if this Court has subject matter jurisdiction, then the FAA applies to issues related to the Arbitration Cause. (Doc. No. 8, p. 7.) As noted above, Plaintiff's only argument with respect to the Arbitration Clause is that if this Court were to grant Defendant's Motion to Compel Arbitration (which it brought in the alternative to its Motion to Dismiss), the Court should require the parties to arbitrate in the Middle District of Florida. (*Id.* at p. 9 (citing Section 4 of the FAA).) Because the Court dismisses this

---

[6] The Court makes no assumptions as to whether a New York court would find venue appropriate in that forum. Should Plaintiff bring this action elsewhere, that court would have to determine whether venue is proper there.

[7] The Court notes that in an e-mail correspondence attached as exhibits to the Complaint, Mr. Kevin Norwood, an attorney who appears to have been involved in the drafting of the Proposed Agreement wrote to Margaret Hurley, John Shipp, Gary Willetts, Michael Bluett, Mike Shipp, and Joe Cantwell, on September 2, 2011, stating: "With respect to choice of law and venue for arbitration or litigation, we do prefer neutral sites." (Doc. No. 2, p. 32.) On September 7, 2011, Joe Cantwell, Defendant's Chief Financial Officer, wrote to John Shipp and stated, "Kevin's proposed changes are fine and I have incorporated all of them into the consulting agreement." (*Id.* at p. 31.) Given that Plaintiff's principal place of business is in Florida, this would not be considered a "neutral site."

action pursuant to Rule 12(b)(3), it does not consider this argument.[8]

## CONCLUSION

In light of the foregoing, it is hereby **ORDERED** and **ADJUDGED** that Defendant's Motion to Dismiss for Lack of Personal Jurisdiction, or in the Alternative, Improper Venue and Motion to Compel Arbitration and Stay Litigation (Doc. No. 4) is **GRANTED** because venue in this Court is improper. *See* Fed. R. Civ. P. 12(b)(3). The Clerk is **DIRECTED** to

---

[8] The Court does not analyze whether personal jurisdiction exists over Defendant because it grants Defendant's Motion to Dismiss pursuant to Rule 12(b)(3). *See Alltech, Inc. v. Carter,* No. 5:08-cv-325, 2010 WL 988987, at *1 n.1 (E.D. Ky. Mar. 15, 2010) (The Court recognizes that it should generally decide questions of personal jurisdiction before venue. . . . However, where sound prudential justifications such as easier resolution of the case is provided by first looking at the question of venue, courts may consider venue before considering personal jurisdiction." (internal citation and quotation marks omitted)); *Cameron v. Thornburgh*, 983 F.2d 253, 257 n.3 (C.A.D.C. 1993) ("We focus primarily on the venue question because it provides an easier resolution of the case. Although the Supreme Court did note in *Leroy v. Great Western United Corp.*, 443 U.S. 173, 180 (1979), that questions of personal jurisdiction should generally be decided before questions of venue, the Court went on to say that in some circumstances, if a sound prudential justification appeared for doing so, a court could reject a case for improper venue without deciding the question of personal jurisdiction." (internal citation and quotation marks omitted)); *see also U.S. ex rel. Norshield Corp. v. E.C. Scarborough*, 620 F. Supp. 2d 1292, 1294 (M.D. Ala. 2009) ("If a venue issue renders the personal jurisdiction problem moot, thus avoiding the need to address constitutional questions, consideration of venue before personal jurisdiction is appropriate." (citing *Corbello v. Devito*, No. 1:07cv985, 2008 WL 2097435, at *2 (E.D. Tex. May 19, 2008)).

The Court notes that Defendant submitted the affidavit of Joe Cantwell in support of its contention that this Court lacks personal jurisdiction over it. (Doc. No. 5.) Plaintiff did not present any evidence that this Court has personal jurisdiction over Defendant in its Response. (Doc. No. 8.) Instead, it sought leave to conduct jurisdictional discovery and submit a supplemental response in opposition to the Motion to Dismiss if the Court otherwise retained the case. (*Id.* at p. 10.) After due consideration, the Court found such discovery would be futile and unjust to both parties because it would cause them to incur additional costs and expend unnecessary resources when dismissal of this case would ultimately be proper under Rule 12(b)(3). In light of the dismissal, Defendant will not be subjected to jurisdiction in this Court, and thus is not prejudiced by the Court's decision to "reverse the normal order of considering personal jurisdiction and venue." *Leroy*, 443 U.S. at 180.

close the file.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida, on January 3, 2012.

_____
ROY B. DALTON JR.
United States District Judge

Copies:
Counsel of Record